

*Randolph J. Haines*

**Randolph J. Haines, Chief Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| JOSEPH OTTO LETIZIA and ZHANHONG CHEN, | ) ) | CASE NO. 3:13-bk-09233-RJH |
| | ) | ORDER SUSTAINING OBJECTION |
| Debtors. | ) | TO CLAIMED EXEMPTIONS |
| _____ | ) | |

The issue presented is whether the Debtors may exempt two vehicles, concededly utilized primarily for business purposes in a sole proprietorship, using Arizona's personal item exemptions provided in A.R.S. § 33-1125(8). As this specific question has not been addressed in Arizona case law, the Court took this matter under advisement. The Court holds that debtors in Arizona, doing business as sole proprietors, may not exempt vehicles used primarily for business using Arizona personal item exemptions, and instead must use Arizona's tools of the trade exemptions.

**Background Facts**

The Debtors are sole proprietors of a mail delivery business. They filed for Chapter 13 relief on May 30, 2013. In their petition they claimed personal exemptions for two vehicles pursuant to A.R.S. § 33-1125(8) and A.R.S. § 33-1121.01 allowing for joint debtors to each claim a vehicle exemption. The Debtors stipulate that these vehicles are trucks used exclusively in their business.

Creditor Ricky Lundy filed an objection to the Debtors' use of Arizona's personal vehicle exemption for vehicles they utilized exclusively for business purposes. Lundy claims the exemptions should be denied because the trucks are used in a business for profit, and A.R.S. § 33-1125 specifies that personal property claimed as exempt must be used "primarily for

1    personal, family, or household purposes." The Debtors reply that, as the business is a sole

2    proprietorship run for the exclusive benefit of the household, they meet the requirement of the

3    language of the statute, and should be allowed to claim the vehicles as personal property

4    exemptions. The issue then is whether § 33-1125 allows for the exemption of vehicles used

5    exclusively in a sole proprietorship.

6    **Analysis**

7         Arizona's personal property exemption statute allows for the exemption of the "equity in

8    one motor vehicle not in excess of six thousand dollars."[1] A.R.S. § 33-1125(8). However, the

9    opening language of § 33-1125 states that the exemption applies only to property "used

10   primarily for personal, family, or household purposes." This phrase was added to § 33-1125 in

11   a 1983 amendment. Arizona does not have case law specifically interpreting this phrase, and

12   there is no legislative history directly addressing its meaning. However the examination of the

13   amended language of § 33-1125 along with a contemporaneous amendment to Arizona's tools

14   of the trade exemption statute, § 33-1130, helps explain the legislature's intent behind the

15   specific phrase.

16        Prior to its 1983 amendments, § 33-1125, titled "Personal items," began: "The following

17   property of a debtor shall be exempt from process." The statute did not include a motor vehicle

18   exemption. Section 33-1130, titled "Tools and equipment used in a commercial activity, trade,

19   business, or profession," stated that the "tools of a mechanic or artisan necessary to carry on his

20   or her trade" were exempt, as well as the "instruments, books and office furniture of any . . .

21   professional, tradesman or artisan." The statute did allow for the exemption of one motor

22   vehicle.

23        In 1983, the opening language of § 33-1125 was amended to read: "The following

24   property of a debtor *used primarily for personal, family, or household purposes* shall be exempt

25

26   _____

27   [1] The six thousand dollar amount here is taken from the language of the statute following its 2013
     amendment. The Debtors filed their case prior to the amendment, when the statute allowed for a
     five thousand dollar vehicle exemption. However, the amount of the allowed exemption is not at
28   issue in this case.

2

1  from process." (Emphasis added to new language). The legislature also added a vehicle

2  exemption to the list of such exempt personal items.

3        Section 33-1130 was amended in 1983 to include as exempt tools and equipment of a

4  debtor "primarily used in, and necessary to carry on, the commercial activity, trade, business or

5  profession of the debtor or the debtor's spouse." More significantly, the legislature added

6  language specifying that "tools" for the purposes of § 33-1130, "do not include a motor vehicle

7  primarily used by a debtor for personal, family or household purposes such as transportation to

8  and from the debtor's place of employment," and removed the separate motor vehicle

9  exemption from the statute.

10        In interpreting the present forms of both § 33-1125 and § 33-1130, and how they affect

11  the Debtors' claimed personal vehicle exemptions, it is necessary to look to the Arizona

12  Legislature's intent behind the 1983 amendments. It is necessary to consider intent because the

13  "personal" purposes limitation in § 33-1125 does not expressly preclude use in a debtor's

14  personal dba (while the "personal" use exclusion in § 33-1130 does preclude a tool of the trade

15  from also being exempt as a "personal" item). "The primary principle of statutory interpretation

16  is to determine and give effect to legislative intent." *Wyatt v. Wehmueller*, 167 Ariz 281, 284,

17  806 P.2d 870 (1991). To determine the legislature's intent, in addition to the language of the

18  statute itself, factors for consideration include the context of the statute, the subject matter, its

19  historical background, and its spirit and purpose. *Id.*

20        When the language of § 33-1125 is examined in conjunction with § 33-1130, it is clear

21  what the Arizona Legislature intended by amending them in 1983. The intent was to allow a

22  motor vehicle to be exempt as a personal item under § 1125 only if it is used for personal or

23  household purposes, as distinct from trade or business purposes. And if a motor vehicle is

24  primarily used for business purposes, then it may only be claimed as exempt under § 1130,

25  regardless of how the business is owned.

26        IT IS THEREFORE ORDERED sustaining the objection to the claimed exemption of the

27  trucks under § 1125.

28        DATED AND SIGNED ABOVE

3